IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL W. STARK, SR.,                      )
                                           )
            Petitioner,                    )
                                           )
vs.                                        )          Case No. 08-cv-0852-MJR
                                           )
UNITED STATES OF AMERICA,                  )
                                           )
            Respondent.                    )

MEMORANDUM AND ORDER

REAGAN, District Judge:

A.      INTRODUCTION AND BACKGROUND

        Before the Court is Daniel Stark's December 2008 motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255.  Analysis of Stark's petition begins with an overview

of the procedural history of the underlying criminal case, *United States v. Stark* (Case No. 03-cr-

30190-MJR).

        In September 2003, the authorities executed a search warrant for firearms and

stolen vehicles at Stark's residence and at his business.  They discovered stolen vehicles, a stolen

trailer, and fourteen guns.  On September 17, 2003, an indictment was filed against Stark.  That

indictment was twice superseded; Stark was ultimately charged on thirty counts in January 20,

2005.  Among other charges, the government claimed Stark stole tractors and all-terrain vehicles

from Illinois and Missouri, then transported them across state lines to sell near Bowling Green,

Kentucky.

Stark filed a series of motions to dismiss the charges, to exclude certain evidence against him, to strike or amend certain counts in the indictment, to continue the trial, and to be released from custody.  Stark was first represented by attorney Charles Stegmeyer, Jr., whom Ted Barylske joined as co-counsel in September 2004.  By June 2005 Judge William D. Stiehl had ruled on each of Stark's motions.  Judge Stiehl recused himself, and the case was reassigned to the undersigned judge in late June 2005.  Counsel Stegmeyer withdrew from the case.  On August 19, 2005, the Court held a final pre-trial conference, where Stark's oral motion to exclude certain witnesses was granted.

Stark's trial stretched from August 29 to September 23, 2005, when a jury found him guilty of twenty-seven of the thirty counts arrayed against him.  Stark's convictions included: being a felon in possession of a firearm (18 U.S.C. § 922(g)), conspiracy to possess and sell stolen motor vehicles (18 U.S.C. § 371), possession of stolen property (18 U.S.C. § 2315), possession and sale of stolen motor vehicles (18 U.S.C. § 2313), conspiracy to engage in monetary transactions in criminally derived property (18 U.S.C. § 1956(h)), and engaging in a monetary transaction in criminally derived property (18 U.S.C. § 1957).

Stark filed a Motion for New Trial in January 2006.  On February 22, 2006, this Court heard oral argument on the motion, plus several hours of testimony presented by both parties.  The motion was denied.

The undersigned Judge sentenced Stark to a total of 292 months in prison, three years of supervised release, a $2,700 assessment, and restitution totaling $522,506.17.  Judgment was entered accordingly on March 31, 2006.

Stark appealed.  He challenged the fairness of his trial on three grounds, including ineffective assistance of counsel.  ***See United States v. Stark*, 507 F.3d 512 (7th Cir. 2007).**  On October 17, 2007, the Seventh Circuit affirmed Stark's conviction on all counts.  ***Id*. at 522.**

On December 1, 2008, Stark moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The *pro se* motion survived threshold review, the Court set a briefing schedule, and the motion became ripe when Stark filed a reply brief on October 29, 2009.  For the reasons stated below, the Court denies Stark's request for relief and dismisses his § 2255 petition.

An evidentiary hearing is not warranted.  Stark attacks his conviction on theories stemming from ineffective assistance of counsel.  Ineffective assistance claims often require evidentiary hearings because they "frequently allege facts that the record does not fully disclose." ***Osagiede v. United States*, 543 F.3d 399, 408 (7th Cir. 2008).**  But the issues raised here can be resolved on the existing record, which conclusively demonstrates Stark is entitled to no relief.  **See Rule 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007), *cert. denied*, 551 U.S. 1132 (2007); *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005); *Galbraith v. United States*, 313 F.3d 1001, 1010 (7th Cir. 2002).**  In other words, Stark has not alleged facts that, if proven, would entitle him to relief.  ***See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).**

B.      ANALYSIS OF § 2255 PETITION

APPLICABLE LEGAL STANDARDS

28 U.S.C. § 2255 authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the

Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law."

Relief under § 2255 is limited. Unlike a direct appeal, where a defendant may complain of nearly any error, § 2255 proceedings may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. ***See, e.g., Corcoran v. Sullivan*, 112 F.3d 836, 837 (7th Cir. 1997) (§ 2255 relief is available only to correct "fundamental errors in the criminal process").** As the Seventh Circuit has declared, § 2255 relief is "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." ***Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). *Accord Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) ("[R]elief under 28 U.S.C. § 2255 is reserved for extraordinary situations.").**

Nor can § 2255 be used to re-litigate issues already raised, or that could have been raised, on direct appeal. ***Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003). *Accord Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) ("claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal").** Section 2255 has instead been described as the "federal-prisoner substitute for habeas corpus." ***United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010). *Accord Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (referring to a § 2255 petition as "the federal prisoner's equivalent to a § 2254 petition [for writ of habeas corpus] attacking a criminal judgment entered by a state court").**

When construing Stark's motion liberally, as this Court must, ***see, e.g., Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)**, Stark's claims potentially raise a constitutional issue.   Specifically, Stark enumerates four grounds for relief, each premised on ineffective assistance of counsel:

> (1)   At trial, counsel failed to object when the Government "constructively amended" Count 1 against Stark (felon in possession of a firearm), thereby depriving him of the right to be tried only on charges presented by a grand jury's indictment (Doc. 1-1, pp. 19–21).

> (2)   At trial, counsel failed to object to Count 2 against Stark (conspiracy to possess and sell stolen motor vehicles), a frivolous count that should have been dismissed (Doc. 1-1, pp. 21–26).

> (3)   Post-trial, counsel failed to file a notice of appeal regarding this Court's dismissal of his motion for a new trial, and failed to petition the Supreme Court for a writ of certiorari (Doc. 1-1, pp. 27–30).

> (4)   At trial, counsel failed to adequately present evidence that would have led to a lighter sentence for Stark (Doc. 1-1, pp.31–34).

The Sixth Amendment to the United States Constitution accords criminal defendants the right to effective assistance of counsel.  ***Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert denied*, 130 S. Ct. 1925 (2010), *citing Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).**  To prevail on an ineffective assistance claim, a defendant must prove two things: (1) his attorney's performance was objectively unreasonable, *and* (2) that the defendant/petitioner suffered prejudice as a result of the attorney's constitutionally deficient performance.  ***Wyatt*, 574 F.3d at 457–58; *United States v. Peleti*, 576 F.3d 377, 383 (7th Cir. 2009); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).**

The first requirement of this dual test is referred to as the "performance prong" and the second as the "prejudice prong."  As to the performance prong, a § 2255 petitioner must overcome a "strong presumption that [his] counsel's conduct falls within the wide range of reasonable professional assistance."  **Wyatt, 574 F.3d at 458, *quoting Strickland*, 466 U.S. at 687–88.**  He must establish the specific acts or omissions he claims constitute ineffective assistance, and the Court then assesses whether those acts/omissions are outside the scope of reasonable legal assistance.  **Wyatt, 574 F.3d at 458*. See also United States v. Acox*, 595 F.3d 729, 734 (7th Cir. 2010) (citing *Williams v. Lemmon*, 557 F.3d 534 (7th Cir. 2009) (Deciding "whether counsel's services were beneath the constitutional floor requires consideration of what counsel did, as well as what he ommitted.")).**

Evaluation of counsel's performance is highly deferential.  The reviewing court presumes reasonable judgment by counsel and must not second-guess counsel's strategic choices or "tactical decisions."  **Valenzuela v. United States, 261 F.3d 694, 699 (7th Cir. 2003).**  Moreover, the court must "consider the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, . . . [applying] a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies."  **Id.**

As to the prejudice prong, the defendant/petitioner must demonstrate a reasonable probability that, *but for counsel's errors*, the result of the proceeding would have been different.  **United States v. McKee, 598 F.3d 374, 384 (7th Cir. 2010).**  The inquiry focuses on whether the counsel's errors rendered the proceedings "fundamentally unfair or unreliable."  **Valenzuela, 261 F.3d at 699.**

### INEFFECTIVE ASSISTANCE CLAIMS

It is normally preferable for a criminal defendant to wait until a § 2255 motion to raise ineffective assistance claims, so a complete record can be developed. **United States v. Stark, 507 F.3d 512, 521 (7th Cir. 2007). Accord Massaro v. United States, 538 U.S. 500, 504–05 (2003) ("The better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in the district court under § 2255.").** Nevertheless, Stark opted to include ineffective assistance claims in his direct appeal. **Stark, 507 F.3d at 521.** That appeal failed. The Seventh Circuit rejected the argument that Stark's lawyer rendered ineffective assistance. **Id. at 522.**

Stark tries to resurrect ineffective assistance in the instant § 2255 motion. Most of his grounds for relief rest on a litany of counsel's alleged failures at trial: counsel was unprepared for trial, failed to object when the Government constructively amended Count 1, failed to object to Count 2 as frivolous, and failed to adequately present evidence that would have led to a lighter sentence. Those claims fall squarely in the crosshairs of Seventh Circuit caselaw, which allows a contention of ineffective assistance only once. **Peoples v. United States, 403 F.3d 844, 846 (7th Cir. 2005). See also Ryan v. United States, 214 F.3d 877, 879 (7th Cir. 2000) ("A defendant who complains on direct appeal about the quality of his lawyer can't try again on collateral attack unless there has been an intervening change of law.").** Thus, Stark is barred from obtaining relief based on his counsel's performance at trial.

Two of Stark's claims, though, involve post-trial decisions by his lawyers. First, Stark asks for relief because his attorney failed to file a petition for writ of certiorari to the Supreme Court. That argument fails. Ineffective assistance claims derive from the Sixth Amendment right

to effective counsel, which extends only to the first appeal of right. *Pennsylvania v. Finley*, **481 U.S. 551, 555 (1987).**  The Sixth Amendment does not encompass a petition to the Supreme Court, since review on a writ of certiorari is a matter of judicial discretion, "*not a matter of right.*"  **Sup. Ct. R. 10 (2006) (emphasis added).**  Stark cannot claim his counsel committed errors of a constitutional magnitude where the Constitution does not protect him. *See Coleman v. Thompson*, **501 U.S. 722, 752 (1991) ("Where there is no constitutional right to counsel there can be no deprivation of effective assistance.").**  As a result, this claim fails.

        Stark further claims relief is warranted because his appellate attorney failed to appeal the denial of his Motion for New Trial (Doc. 1-1, p. 27).  Stark's Motion for New Trial however was also based on claims of ineffective assistance of trial counsel; it was denied after a February 2006 hearing (Case No. 03-cr-30190, Docs. 261 & 272).  Stark's claim of *appellate* counsel ineffectiveness, then, rests on an alleged failure to appeal *trial* counsel ineffectiveness.  But as discussed above, Stark *did* appeal that issue to the Seventh Circuit. *See United States v. Stark*, **507 F.3d 512, 521–22 (7th Cir. 2007)**.  In other words, the ground covered in Stark's Motion for New Trial—based on ineffective assistance—was much of the same ground covered in his direct appeal. As a result, Stark's appellate counsel was barred from appealing any of the claims in Stark's Motion for New Trial that were identical to those already brought on direct appeal.  Stark cannot prevail on the theory his attorney's omissions were constitutionally ineffective where no omission actually occurred.

        Admittedly, the ineffective assistance claims in Stark's Motion for New Trial and his direct appeal were not perfectly congruent.  Regardless, appellate counsel's tactical decision not

to appeal the few issues in Stark's Motion for New Trial that were *different* from the issues that counsel directly appealed was not ineffective assistance.

Appellate counsel's performance is deficient only if counsel fails to argue an issue that is clearly stronger than the claims raised, and that failure would have altered the outcome of the appeal. ***Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010), *citing Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003), *and Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004).**  The ineffective assistance claims in Stark's Motion for New Trial—the ones Stark maintains should have been brought on direct appeal—were not clearly stronger than those actually raised before the Seventh Circuit.  For example, in his Motion for New Trial, Stark complained his attorney should have asked for a limiting instruction under Federal Rule of Evidence 404(b) (Case No. 03-cr-30190, Doc. 261, at 11–12).  Not using limiting instructions however is reasonable trial strategy; and as a result, not attacking that issue on appeal is reasonable appellate strategy. ***See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2265 (2010) (Defendant could not show a limiting instruction would have made "any difference in light of all the other evidence of guilt.").**  As a result, Stark has failed to demonstrate that appellate counsel's performance was deficient.

At bottom, Stark's claims do not meet the high bar necessary to overcome the presumption of reasonable judgment by counsel; and this court will not second-guess appellate counsel's strategic choices.  ***See Valenzuela v. United States*, 261 F.3d 694, 699 (7th Cir. 2003); *Lee*, 328 F.3d at 900 (Appellate counsel's performance must be "so deficient as to fall below an objective standard of reasonableness under 'prevailing professional norms.'").**

C.   C̲O̲N̲C̲L̲U̲S̲I̲O̲N̲

In sum, before filing the instant § 2255 motion, Stark directly appealed his conviction on grounds his attorneys were constitutionally ineffective at trial.  He lost.  He cannot re-open that issue here, so Stark's § 2255 motion—insofar as it is based on the same claims raised in his direct appeal—will be dismissed.  Nor can Stark gain relief on a theory his counsel failed to petition the Supreme Court, since the Sixth Amendment's guarantee of effective assistance does not extend past his first appeal.  Further, he cannot succeed by arguing his appellate counsel *should have* appealed the Court's denial of his Motion for New Trial, since his counsel *did* raise many of those issues on direct appeal.  Finally, insofar as Stark's claims for relief stand on his appellate attorney's tactical decisions not to appeal specific claims within his Motion for New Trial, those claims will be denied.

Accordingly, the Court **DISMISSES IN PART** and **DENIES IN PART** Daniel Stark's § 2255 motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This entire action is **DISMISSED with prejudice**, and the Clerk of Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

DATED November 23, 2010

/s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge