IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL STARK, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )   Case No. 08-cv-0852-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 23, 2005, in an underlying criminal case, *United States v. Stark* (Case No. 03-cr-30190-MJR), a jury found Stark guilty of 27 separate counts of criminal conduct involving stolen property and firearms. On March 31, 2006, the Court sentenced Stark to a total of 292 months in the bureau of prisons, and Judgment was entered that same day. Stark filed a direct appeal. On October 17, 2007, the Seventh Circuit Court of Appeals affirmed Stark's conviction on all counts. *See United States v. Stark*, 507 F.3d 512 (7th Cir. 2007).

In December 2008, in the above-captioned civil case, Stark petitioned this Court under 28 U.S.C. 2255 to vacate, set aside or correct his sentence. On November 23, 2010, the Court dismissed in part and denied in part Stark's petition (*see* Doc. 9).

From the November 23, 2010 Order (and accompanying judgment) denying § 2255 relief, Stark appealed on December 6, 2010 (*see* Doc. 11). Because a certificate of appealability is needed to proceed with an appeal from this Court's § 2255 ruling, Stark's Notice of Appeal ("NOA") will be construed as an implicit request for a certificate of appealability.

Pursuant to 28 U.S.C. § 2253(c)(1), a petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. 2253(c)(1)(B). Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." For purposes of the statute, a substantial showing of the denial of a constitutional right means that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001).

The Court has carefully considered, for a second time, all of Stark's arguments. For the reasons set forth in the Court's November 23, 2010 Order (*see* Doc. 9), Stark has not presented a substantial constitutional question. As

a result, it follows that Stark has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In light of the foregoing, the Court **DECLINES** to issue a certificate of appealability.  Pursuant to Federal Rule of Appellate Procedure 22(b), Stark may present his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATED December 14, 2010.**


/s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**United States District Judge**